The AETNA CASUALTY AND INSURANCE COMPANY, a/s/o Michael Del Giorno, Plaintiff,

v.

UNITED STATES of America, Defendant.

No. 87 CV 1909.

United States District Court, E.D. New York.

May 12, 1988.

John P. D'Ambrosio, Elmsford, N.Y., for plaintiff.

James E. Mercante, John R. Bolton, Asst. Atty. Gen., Andrew J. Maloney, U.S. Atty. for the E.D. New York, Janis G. Schulmeisters, Torts Branch, Civil Div., U.S. Dept. of Justice, for defendant.

## MEMORANDUM AND ORDER

McLAUGHLIN, District Judge.

This is a claim in admiralty against the United States for negligently causing damage to a vessel. Plaintiff moves for summary judgment on the issue of liability. *See* Fed.R.Civ.P. 56(a), (d). For the following reasons, the motion is denied.

### FACTS

This case involves damage sustained by "Four Play," a twenty-one foot boat powered by an outboard motor. At all relevant times the vessel was owned by Michael Del Giorno. On July 25, 1986, Del Giorno lent the vessel to Andrew Sullivan, who was his friend at the time. Apparently untrained in basic seamanship, Sullivan nevertheless piloted the vessel out into the Atlantic Ocean. While attempting to return to port, he ran aground east of Democratic Point on Long Island at about 9:30 p.m.

Five hours later, Sullivan notified the United States Coast Guard station at Fire Island that the Four Play had run aground. Sullivan also contacted a private towing company and asked for assistance in towing the boat. The company declined to provide assistance because at 2:30 a.m. the tide was very low and a rescue operation would have been impossible to mount.

At around 9:30 a.m., a Coast Guard vessel and sea crew arrived on the scene. A Coast Guard beach crew also arrived. By this time, the tide had risen considerably and the Four Play was being buffeted by hard-breaking, four-foot waves. Under the direction of the Coast Guard vessel's coxwain, the Coast Guard crew attached a tow line to the Four Play and began to tow her with the vessel. Four Play quickly capsized and efforts to get her up were unavailing. She was towed upside-down for about one hour and was then re-righted in an inlet. She was then towed to the Coast Guard station and moored to a dock. Inspection revealed damage to her hull, interior, and engine.

Shortly after the operation was completed, Bosuns Mate First Class Jay Bealer, a member of the Coast Guard beach crew, wrote in a report that the operation should have been performed by a commercial towing company. He stated that the rescue had been an "iffy" operation because it was unclear how much sand and water had been in the Four Play when the operation was mounted and because the coxwain's

experience was unknown. Bealer concluded: "Communication and a better plan of attack could have put this case in the success column." Bealer subsequently testified at a deposition that the rescue crew had done everything within his knowledge to salvage the beached vessel and that the coxswain was qualified to perform his job.

The Complaint alleges that the Coast Guard acted negligently in performing the rescue mission and that its negligence caused the Four Play to capsize and sustain severe damage. Plaintiff, an insurance company, alleges that pursuant to a policy it paid Del Giorno for damage sustained to the boat, and is thus subrogated to his claim against defendant. Plaintiff has moved for summary judgment on the issue of liability.

## DISCUSSION

■ Summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). Materiality is determined by reference to the substantive law that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). If there exists a genuine dispute about a material fact, then summary judgment is not appropriate. *Id.* A dispute is genuine if the evidence could permit a reasonable jury to reach a verdict for either side. *See id.*

Here, the defendant does not quarrel with plaintiff's assertion that once it undertook to salvage the Four Play, it had a duty to exercise reasonable care. *See Eklof Marine Corp. v. United States*, 762 F.2d 200, 203 (2d Cir.1985). Thus, the material facts on this motion are those bearing on the reasonableness of the Coast Guard's conduct. After reviewing the record, I conclude that these facts are in dispute.

Plaintiff's liability case is based in great part on seaman Bealer's written report. Relying on the report, plaintiff argues that the Coast Guard crew was ill-trained in boat-salvaging, failed to communicate properly, and failed to established a chain of command at the scene of the salvage attempt. Plaintiff argues that the Coast Guard crew decided to tow the Four Play into deep water despite the crew's knowledge that she had taken on substantial amounts of water and sand. As a result, plaintiff asserts, she capsized.

Seaman Bealer's report, however, is directly contradicted by other evidence. First, Bealer subsequently testified that the coxswain of the rescue ship was qualified and that the crew had done everything in Bealer's knowledge to salvage the boat. Second, Captain H.L. Olsen, a marine surveyor retained by plaintiff, investigated the incident and opined in a report to plaintiff that the Coast Guard had done nothing wrong in its attempt to salvage the boat.

■ Considering this evidence, I conclude that the facts bearing on defendant's alleged negligence are disputed. Accordingly, the motion for summary judgment is denied.

SO ORDERED.